Labor Relations Board, Petitioner, *v.* Cross Construction Corp., Respondent.

No. JRT-63-15.     Decided January 15, 1964.

J. B. *Fernández Badillo, Solicitor General, Orlando Grau,* and *Marta Ramírez Vera* for petitioner. *R. Hernández Colón* for respondent.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: The Cross Construction Corp. and the Union of Packinghouse Workers, Local 924 AFL–CIO, submitted to arbitration the interpretation of a clause of the collective agreement which governed their labor-management relations concerning the payment of certain contributions to the welfare fund.[1] The submission agreement read: "To determine whether or not the company is bound by clause eleven (11) of the collective agreement in force to pay an alleged sum of money, which by way of benefit is claimed by the Union." The corresponding hearing having been held,

---

[1] "Security Plan for the Benefit of the Employment (*sic*) and His Family

"The employer agree (*sic*) to establish a security plan for the benefit of the workers and his family, who live under the same roof. For the creation of his (*sic*) plan the employer will give $2,500.00 payable in 30 days from the signing of the contract and will continue giving three (3) cents per hour every worker, for the benefit plan, starting on the week commencing October 25, 1961. The employer agrees to send the money of the employees dues and benefit plan to the Union, weekly."

the arbitrator made an award favorable to the Union deciding that "the company is bound to pay the sum of money which it owes to the contracting Union by way of benefit, pursuant to the collective agreement in force."

Within the petition made by the Labor Relations Board to order the aforesaid corporation to comply with the arbitration award, we granted a term to the latter to state the reasons why the petition should not be granted, and to that effect the corporation filed a memorandum alleging that "it accepts its contractual obligations and those imposed by the award in question; it is of the opinion, however, that the specific amount which it may owe to the Union was not specified in the award, wherefore such award cannot be enforced in the sense of obligating this appearing party to pay to the Union any amount which such Union may claim."

From the statement of facts it clearly appears that the arbitrator merely decided the question submitted to him. The only thing remaining to be done is some simple mathematical calculations following the formula stated by the parties in the agreement, since the award expressly provides that the obligation of the company consists only in paying the sum which it owes by way of contribution to the benefit fund "pursuant to the collective agreement in force." We are not precluded by this subsequent operation from ordering compliance with the award. Should any discrepancy arise between the parties on this aspect of compliance, the law and the agreement provide adequate mechanics for deciding the same.[2]

*In re Rosenzweig*, 54 L.R.R.M 2392 (1963), involved a similar question. The question concerning the violation of

---

[2] In order to avoid unnecessary delays, hereafter it would be advisable if the submission agreement would contain express authorization to enable the arbitrator to specify any amount which may be owing as a result of the award.

the agreement by an employer in discontinuing the annual bonus payment to certain employees was submitted to the arbitrator therein designated only for determination thereof. An affirmative award having been made, the employer alleged that such award was vague and indefinite because it did not specify the amount corresponding to each employee. In rejecting such position, the court said that the award was complete and that the only thing left to be done was a simple mathematical operation. *Cf. Labor Relations Board* v. *Caribbean Container Co., ante,* p. 726; *Steelworkers* v. *Enterprise Wheel & Car Corp.,* 363 U.S. 593 (1960) ; *States Marine Lines* v. *Crooks,* 53 L.R.R.M. 2398.

Judgment will be rendered ordering respondent to comply with the award of May 17, 1963.